IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mr. Gary Nelson, | ) | Case No. 0:26-cv-00113-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Small and Mr. Elder, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On March 17, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without issuance and service of process.  ECF No. 15.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] The Court notes that on April 30, 2026, Plaintiff submitted proposed USM-285s in an envelope stamped with a different address than the one presently on the docket. Significantly, Plaintiff has been informed that it is his responsibility to keep the Court apprised of his current address; the documents inside the envelope were dated April 22, 2026—more than a month after the issuance of the Report; and the Report has not been returned as undeliverable.  Accordingly, there is no indication that Plaintiff has not received the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

While no objections have been filed, the standard of review as recited by the Magistrate Judge is clearly erroneous. The Magistrate Judge states that "[t]he Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit . . . ." ECF No. 15 at 2. However, to date, the motion for leave to proceed in forma pauperis has not been ruled upon. The Court further finds that this error is harmless as review is still permissible under 28 U.S.C. § 1915A.

Upon review of the motion for leave to proceed in forma pauperis, the Court finds that it should be granted. Thus, the Court respectfully declines to adopt the portion of the

2

Report recommending that the motion for leave to proceed in forma pauperis be terminated without granting or denying it.[2]

As to the remainder of the Report, the Court finds no clear error and agrees with the Report's recommendation.  This action is **DISMISSED** without prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 1, 2026
Spartanburg, South Carolina

---

[2] The Court further notes that, because a no serve order has not been issued in this case, the South Carolina Department of Corrections' finance office has not been notified that a debt is owed to the United States District Court for the District of South Carolina.  Significantly, the in forma pauperis statute only allows "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without **pre**payment of fees . . . ."  28 U.S.C. § 1915(a)(1) (emphasis added).